DYKEMA GOSSETT LLP
Ashley R. Fickel (SBN 237111)
afickel@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
ASSET ACCEPTANCE, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE LLC,<br><br>Defendant. | Case No. 3:13-cv-01718-BEN-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS TRIAL COURT PROCEEDINGS**<br><br>[*Filed concurrently with Declaration of Kenneth Proctor in support thereof*]<br><br>Hon. Roger T. Benitez<br><br>**Date**: May 12, 2014<br>**Time**: 10:30 a.m.<br>**Courtroom**: 5A |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  FACTUAL BACKGROUND..............................................................................1

III. CARD AGREEMENT PROVISIONS ...............................................................2

IV.  ARGUMENT & AUTHORITIES .......................................................................4

   A.   Applicable Legal Standards........................................................................4

   B.   Plaintiff Agreed to Arbitrate All Claim and Disputes Against Asset................7

      1.   Plaintiff Admits There is An Agreement Among the Parties........................7

      2.   Asset Can Enforce the Arbitration Provision .................................................8

      3.   Plaintiff's Claims Fall within the Arbitration Agreement..............................9

   C.   Arbitration Must Be on an Individual, Non-Class Basis ................................10

   D.   Dismissal is the Appropriate Remedy ............................................................10

V.   CONCLUSION....................................................................................................11

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ackerberg v. Citicorp USA, Inc.*,
   898 F. Supp. 2d 1172 (N.D. Cal. 2012) ................................................................. 9

*Adamany v. Superior Court*,
   2002 WL 1722412 (Cal. Ct. App. 2002) ................................................................ 7

*Allied-Bruce Terminix Cos. v. Dobson*,
   513 U.S. 265 (1995) ................................................................................................ 4

*AT&T Mobility LLC v. Concepcion*,
   131 S. Ct. 1740 (2011) ...................................................................................... 5, 10

*AT&T Technologies, Inc. v. Communications Workers of America*,
   475 U.S. 643 (1986) ................................................................................................ 9

*Berman v. Renart Sportswear Corp.*
   (1963) 222 Cal.App.2d 385 ................................................................................... 7

*Buckeye Check Cashing, Inc. v. Cardegna*,
   546 U.S. 440 (2006) ................................................................................................ 4

*Bushley v. Credit Suisse First Boston*,
   360 F.3d 1149 (9th Cir. 2004) .............................................................................. 11

*Cayanan v. Citi Holdings, Inc.*,
   No. 12–CV–1476, 2013 WL 784662 (S.D. Cal. Mar. 1, 2013) ............................ 9

*Chappel v. Lab. Corp. of Am.*,
   232 F.3d 719 (9th Cir. 2000) ............................................................................... 11

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126 (9th Cir. 2000) ........................................................................... 5, 6

*CompuCredit, Corp. v. Greenwood*,
   132 S. Ct. 665 (2012) .............................................................................................. 5

*Dumanis v. BOA (South Dakota), N.A.*,
   No. 07-cv-6070, 2007 WL 3253975 (W.D.N.Y. Nov. 2, 2007) ........................... 8

*Fed. Ins. Co. v. Superior Court (Mackey)*,
   60 Cal. App. 4th 1370 (1998) ................................................................................... 11

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) ..................................................................................................... 9

*Golba v. Citigroup, Inc.*,
   No. SACV 11-01003 .................................................................................................. 9

*Gore v. Alltell Communications, LLC*,
   666 F.3d 1027 (7th Cir. 2012) ................................................................................ 5, 6

*Hall St. Assoc., L.L.C. v. Mattel, Inc.*,
   552 U.S. 576 (2008) ................................................................................................... 5

*Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co. Ltd.*,
   249 F.3d 1177 (9th Cir.2001) .................................................................................. 11

*International Billing Services, Inc. v. Emigh*
   *(*2000) 84 Cal.App.4th 1175 .................................................................................... 7

*Johnston v. Arrow Fin. Servs., LLC*,
   No. 06 C 0013, 2006 WL 2710663 (N.D. Ill. 2006) ................................................. 8

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
   514 U.S. 52 (1995) ................................................................................................... 10

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985) ............................................................................................. 5, 10

*Molton, Allen & Williams, LLC v. Continental Cas. Ins. Co.*,
   No. 09-6924, 2010 WL 780353 (N.D. Ill. Mar. 3, 2010) .......................................... 6

*Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) .................................................................................................. 4, 5

*Olnick v. Fulton, Friedman & Gullace, LLP*,
   No. 11-cv-00071, slip. op. (W.D. Tex. Oct. 13, 2011) ............................................. 8

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967) ............................................................................................. 4, 5

*Rent-a-Center, West, Inc. v. Jackson*,
   130 S. Ct. 2772 (2010) .............................................................................................. 9

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

*Republic of Nicar v. Standard Fruit Co.*,
　937 F.2d 469 (9th Cir. 1991) ............................................................................... 7

*RN Solution, Inc. v. Catholic Healthcare W.*,
　165 Cal. App. 4th 1511 (2008) ......................................................................... 11

*Shannon v. Midland Funding, LLC*,
　No. 11-CV-239 MMA, slip. op. (S.D. Cal. Sept. 12, 2011) ................................ 8

*Sherer v. Green Tree Servicing LLC*,
　548 F.3d 379 (5th Cir. 2008) ............................................................................... 8

*Simula, Inc. v. Autoliv, Inc.*,
　175 F.3d 716 (9th Cir. 1999) ......................................................................... 5, 11

*Sparling v. Hoffman Constr. Co.*,
　864 F.2d 635 (9th Cir. 1988) ............................................................................. 11

*Sweiger v. Calvary Portfolio Services, LLC*,
　No. 2:11–cv–1631, 2012 WL 1940678 (W.D. Pa. 2012) .................................... 8

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
　368 F.3d 1053 (9th Cir. 2004) ........................................................................... 11

*Thompson v. Midland Funding, LLC*,
　No. 1:10CV312-SA-SAA, slip. op. (N.D. Miss. Aug. 3, 2011) .......................... 8

*Trubowitch v. Riverbank Canning Co.*,
　30 Cal. 2d 335 (1947) .......................................................................................... 8

*Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*,
　474 F.3d 966 (7th Cir. 2007) ............................................................................... 6

*Wagner v. Stratton Oakmont, Inc.*
　(9th Cir. 1996) 83 F3d 1046 .............................................................................. 11

*Wilder v. Midland Credit Management*,
　No. 1:09-CV-2039, 2010 WL 2499701 (N.D. Ga. 2010) .................................... 8

*Yaqub v. Experian Info. Solns., Inc.*,
　No. CV11-2190-VBF, slip op. (C.D. Cal. Jun. 10, 2011) ................................... 9

*Zurich Am. Ins. Co. v. Watts Indus.*,
　466 F.3d 577 (7th Cir. 2006) ............................................................................... 6

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**RULES**

Fed. R. Civ. P. 12(b)(1), 12(b)(3) and 12(b)(6) ...................................................................1

Fed. R. Civ. P. 12(b)(6) ......................................................................................................11

**STATUTES**

9 U.S.C. §§ 1-16 ..................................................................................................................4

9 U.S.C. § 2..........................................................................................................................4

9 U.S.C. § 3.....................................................................................................................1, 6

15 U.S.C. § 1692..................................................................................................................1

Cal. Civ. Proc. Code § 1281.4 ...........................................................................................11

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's claims in this lawsuit arise from Asset's lawsuit against him concerning his delinquent Bank of America credit card account that Asset acquired. Plaintiff alleges, on behalf of himself and the putative class, that Asset violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Act by filing suit after the expiration of Delaware three-year statute of limitations. Plaintiff claims that Asset did not have to honor California's four-year statute of limitations because the terms and conditions of his credit card account required the application of Delaware law.

Asset brings this Motion because the credit card terms and conditions Plaintiff relies upon also contain a clause requiring Plaintiff to arbitrate this matter in his individual capacity. Plaintiff cannot pick and choose which terms and conditions he wants to enforce and those he wants to ignore. Plaintiff's use of the credit card was subject to *all* of the terms and conditions. One of those terms was an agreement to arbitrate which allows assignees, such as Asset, to elect mandatory, binding arbitration of any claim arising between it and Plaintiff.

There are few legal principles for which there is more voluminous support over the past four decades than the principle that a valid agreement to arbitrate, which encompasses the dispute in question, shall be enforced. Accordingly, without admitting any of the allegations in the Complaint and waiving any other rights or defenses such as improper venue, pursuant to 9 U.S.C. § 3 and Fed. R. Civ. Proc. 12(b)(1), 12(b)(3) and 12(b)(6), Asset respectfully requests that this Court compel arbitration in this matter and dismiss or stay the case.

## II. FACTUAL BACKGROUND

Plaintiff Drew Hill ("Plaintiff") opened a credit card account issued by Bank of America ("BOA"), on or about November 11, 2007 ending in -4377 (the "BOA

Account"). Declaration of Kenneth Proctor ("Proctor Decl.") ¶ 6. The BOA Account is governed by a Card Agreement which contains an arbitration provision. Proctor Decl., Exh. C (Card Agreement), pp. 39-42.

The Card Agreement states: "The terms of this agreement apply to you if any of you applied for and were granted an account, used the account, and/or otherwise accepted the account. You agree to the terms and conditions of this Agreement." Proctor Decl., Exh. C, p. 17. Plaintiff made charges to the BOA Account, subsequently stopped making payments on the BOA Account by March 7, 2009, and thus the BOA Account was charged off on October 31, 2009 with a balance owing of $57,854.46. Proctor Decl., ¶ 8. BOA, through its subsidiary FIA Card Services, N.A., then sold the BOA Account to Asset on December 27, 2011. *See* Proctor Decl., Exh. A ("BOA Bill of Sale").

On July 27, 2012, Asset filed suit against Plaintiff to collect on the BOA Account. Almost one year later, on July 23, 2013, Plaintiff filed this action lawsuit against Asset alleging violations of the FDCPA and Rosenthal Act for attempting to collect on the debt after a three year statute of limitations had expired. Docket No. 1. One month later, on August 22, 2013, Plaintiff filed a First Amended Complaint, converting the claim into a putative class action, (Docket No. 3), notwithstanding the fact that Plaintiff's BOA Account Card Agreement contains express provisions mandating arbitration and prohibiting Plaintiff from bringing class action claims. *See* Proctor Decl., Exh. C.

## III. CARD AGREEMENT PROVISIONS

The BOA Account Card Agreement contains arbitration clauses which provide that they can be enforced by assignees and that arbitration is on an individual basis only and under no circumstances will a class action be arbitrated. The BOA Account Card Agreement states specifically and in relevant part:

**ARBITRATION AND LITIGATION:** …

2

>Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), shall, upon election by either you or us, be resolved by binding arbitration.
>
>…
>
>Arbitration shall take place before a single arbitrator and on an individual basis without resort to any form of class action.
>
>…
>
>No Claim submitted to arbitration is heard by a jury or may be brought as a class action or as a private attorney general.  You do not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim submitted to arbitration (Class Action Waiver).  The parties to this Agreement acknowledge that the Class Action Waiver is material and essential to the arbitration of any disputes between the parties and is non-severable from this agreement to arbitrate Claims…**The Parties acknowledge and agree that under no circumstances will a class action be arbitrated.**
>
>…
>
>For the purposes of this Arbitration and Litigation Section, "we" and "us" means FIA Card Services, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them.

Proctor Decl., Exh. C (Card Agreement) at pp. 39-42. (emphasis in original).

The arbitration provision further provides that it is governed by the Federal Arbitration Act, 9 U.S.C. § 1-16 ("FAA").  *Id.* at p. 41.  Also, the Card Agreement states that it is governed by Delaware law.  *Id.* at p. 38-39.

Finally, under the Card Agreement, BOA may sell or assign the Agreement, and that the buyer or assignee maintains all rights therein:  "We may at any time, and without notice to you, sell, assign or transfer your account, any sums due on your

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

3

PAS01\720874.5
108721\0202

Case No. 3:13-cv-01718-BEN-BLM
MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS TRIAL COURT PROCEEDINGS

account, this Agreement, or our rights or obligations under your account to this Agreement to any person or entity. The person or entity to whom we make any such sale, assignment or transfer shall be entitled to all of our rights and/or obligations under this Agreement, to the extent sold, assigned or transferred." *Id.* p. 38. This is precisely what occurred here. Accordingly, Asset is has the right to enforce the terms of the Card Agreement, including the arbitration provisions contained therein.

## IV. ARGUMENT & AUTHORITIES

### A. Applicable Legal Standards

Section 2 of the FAA mandates that binding arbitration agreements in contracts "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) ("Section 2 [of the FAA] embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts."). The United States Supreme Court has made clear that the FAA is extremely broad and applies to any transaction directly or indirectly affecting interstate commerce. *See, e.g.*, *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 (1967).

Because this case no doubt affects interstate commerce, federal substantive law governs the question of arbitrability. *See Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); 9 U.S.C. § 2. The transactions at issue were made between Plaintiff, who resides in San Diego, California, and BOA, a national banking association. *See* First Amended Complaint ¶ 7; Proctor Decl. Exh. C. Moreover, the Arbitration Agreement explicitly states that it is governed by the FAA. *See* Proctor Decl., Exh. C, at p.41.

The FAA represents a "liberal federal policy favoring arbitration" and the

4

"fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1745 (2011) (internal quotation marks and citations omitted); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (noting that the FAA "reflects Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause."); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 n. 14 (1985) (FAA "was designed to overcome an anachronistic judicial hostility to agreements to arbitrate, which American courts had borrowed from English common law.").

When a contract contains an arbitration clause, there is a presumption in favor of arbitrability. *Gore v. Alltell Communications, LLC*, 666 F.3d 1027 (7th Cir. 2012); *Concepcion,* 131 S. Ct. at 1748 (2011) ("Section 2 [of the FAA] makes arbitration agreements 'valid, irrevocable, and enforceable' as written …"). Doubts should be resolved in favor of coverage. *CompuCredit, Corp. v. Greenwood*, 132 S. Ct. 665, 675 (2012), *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

Under the FAA, a court presented with a motion to compel arbitration "may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Point Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967). "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)); *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008) (if a dispute is preferable to arbitration, it must be sent "straightaway").

To that end, section 3 of the FAA provides that if an agreement is governed by a valid arbitration provision, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms

5

of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitrations." 9 U.S.C. § 3. "Thus, if one party to a contract containing an arbitration clause attempts to avoid arbitration and files suit in the district court, the other party may move to stay or dismiss the action on the ground that the FAA requires the arbitration clause of the contract to be enforced." *See id.* § 3 (authorizing a motion to stay); *id.* § 4 (authorizing a petition to compel arbitration); *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007).

Numerous courts have recognized the court's limited role under the FAA. "To compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 580-581 (7th Cir. 2006); *Chiron*, 207 F.3d at 1130. "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore*, 666 F.3d at 1032.

The Court must compel arbitration when the parties have entered into a valid arbitration agreement:

> Once it is clear, however, that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law. To this end, a court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

*Id.* (citations and internal quotation marks omitted). A court may stay an action that is subject to arbitration, pending the results of the arbitration. 9 U.S.C. § 3; *Molton, Allen & Williams, LLC v. Continental Cas. Ins. Co.*, No. 09-6924, 2010 WL 780353, at *8 (N.D. Ill. Mar. 3, 2010) (citing *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005)).

As a corollary, courts also recognize that, when presented with an arbitration agreement, they may not delve into the merits of the dispute. *Republic of Nicar v. Standard Fruit Co.*, 937 F.2d 469, 477-78 (9th Cir. 1991) ("Our role is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator.").

### B.  Plaintiff Agreed to Arbitrate All Claim and Disputes Against Asset.

The arbitration provision in Plaintiff's Card Agreement reflects a valid and enforceable agreement to arbitrate claims or disputes between Asset and Plaintiff. Plaintiff opened a credit card account issued by BOA on or about November 11, 2007. Proctor Decl., ¶ 6. The BOA Account is governed by the Card Agreement. *See* Proctor Decl., Exh. C. Plaintiff used the BOA Account by making purchases on the Account after it was opened. The Card Agreement expressly provides that Claims may be resolved by a party electing arbitration. *Id.*

#### 1.  Plaintiff Admits There is An Agreement Among the Parties

Plaintiff bases the underlying claim against Asset on the terms and conditions of the contract, all of the contractual terms are implicated. Once a party sues on the contract, he is estopped from maintaining that the arbitration clause contained in the same contract is unenforceable. *Adamany v. Superior Court, 2002 WL 1722412* (Cal. Ct. App. 2002); *International Billing Services, Inc. v. Emigh,* (2000) 84 Cal.App.4th 1175, 1188-1191; *Berman v. Renart Sportswear Corp*., (1963) 222 Cal.App.2d 385. Plaintiff cannot pick and choose those terms of the contract that are most favorable to his case.

Plaintiff alleges that the choice of law provision selecting Delaware should apply. *See* First Amended Complaint. Docket No. 3. This is because under Delaware law, a three year statute of limitations may apply to bar Asset from collecting on the debt under the FDCPA and Rosenthal Act. However, in doing so, Plaintiff is precluded from simultaneously disregarding the binding arbitration

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

7

PAS01\720874.5
108721\0202

Case No. 3:13-cv-01718-BEN-BLM
**MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS TRIAL COURT PROCEEDINGS**

provisions contained within the same contract.  Thus, the arbitration provisions in the contract should apply.

### 2.  Asset Can Enforce the Arbitration Provision

BOA's right to enforce the arbitration provision passed to Asset when Asset purchased and was assigned the BOA Account. *See* Proctor Decl., ¶ 6.  The Card Agreement specifically permits such assignment, providing that BOA could assign this Agreement.  Thus, when Asset purchased the Account, it purchased the right to elect arbitration of any claim between Asset and Plaintiff.  *Shannon v. Midland Funding, LLC,* No. 11-CV-239 MMA, slip. op. at 1-2 (S.D. Cal. Sept. 12, 2011); *Trubowitch v. Riverbank Canning Co.*, 30 Cal. 2d 335, (1947).

Other courts have consistently found that assignees of accounts, such as Asset is here, could compel arbitration as an assignee of debt.  *See, e.g., Sherer v. Green Tree Servicing LLC*, 548 F.3d 379 (5th Cir. 2008); *Sweiger v. Calvary Portfolio Services, LLC*, No. 2:11–cv–1631, 2012 WL 1940678 (W.D. Pa. 2012); *Wilder v. Midland Credit Management*, No. 1:09-CV-2039, 2010 WL 2499701 (N.D. Ga. 2010); *Johnston v. Arrow Fin. Servs., LLC*, No. 06 C 0013, 2006 WL 2710663 (N.D. Ill. 2006); *Olnick v. Fulton, Friedman & Gullace, LLP,* No. 11-cv-00071, slip. op. at 6-7, 11-12 (W.D. Tex. Oct. 13, 2011); *Thompson v. Midland Funding, LLC*, No. 1:10CV312-SA-SAA, slip. op. at 1-2, 7-8 (N.D. Miss. Aug. 3, 2011).  The result here should be no different.

Numerous courts have enforced similar consumer arbitration agreements, including agreements used by BOA and its affiliates.  *See, e.g., Dumanis v. BOA (South Dakota), N.A.*, No. 07-cv-6070, 2007 WL 3253975, at *3 (W.D.N.Y. Nov. 2, 2007); *Cayanan v. Citi Holdings, Inc.*, No. 12–CV–1476, 2013 WL 784662 (S.D. Cal. Mar. 1, 2013); *Ackerberg v. Citicorp USA, Inc.*, 898 F. Supp. 2d 1172 (N.D. Cal. 2012); *Golba v. Citigroup, Inc.*, No. SACV 11-01003 AG (ANx) slip op. (C.D. Cal.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

8

PAS01\720874.5
108721\0202

Case No. 3:13-cv-01718-BEN-BLM
MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS TRIAL COURT PROCEEDINGS

Mar. 30, 2012); *Yaqub v. Experian Info. Solns., Inc.,* No. CV11-2190-VBF (FFMx), slip op. at 5-6 (C.D. Cal. Jun. 10, 2011).

Accordingly, there is no question that the arbitration provision in the Card Agreement is a valid and enforceable agreement between Plaintiff and Asset to arbitrate any claim.

        3.     <u>Plaintiff's Claims Fall within the Arbitration Agreement</u>

The arbitration provisions in the Card Agreement permit Asset to elect arbitration of any claim. Thus, <u>every</u> dispute that could arise between BOA, and now Asset, and Plaintiff is subject to arbitration, including any dispute "any claims, including the applicability of this Arbitration and Litigation Section or the validity of the entire Agreement or any prior Agreement" Proctor Decl., Exh. C at p. 39. Such an agreement to arbitrate "gateway" issues of arbitrability is fully enforceable. *See Rent-a-Center, West, Inc. v. Jackson,* 130 S. Ct. 2772, 2777-78 (2010). When an arbitration clause is framed this broadly, "in the absence of any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude a claim from arbitration can prevail." *See, e.g., AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986) (internal quotation marks and brackets omitted).

Plaintiff's claims are subject to arbitration and should be decided on an individual basis, not a class basis.[1] Plaintiff asserts against Asset class action violations of the FDCPA for allegedly attempting to collect against Plaintiff on the BOA Account after the statute of limitations has expired. *See* First Amended Complaint [Docket No.  ]; *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 26 (1991) ("It is by now clear that statutory claims may be the subject of an arbitration."); *Mitsubishi*, 473 U.S. at 628.

---

[1] See note 1 (class certification denied as moot).

Plaintiff's allegations are all directly within the broad arbitration clause in the Card Agreement. Not only do such claims fall within the broad category of "any claim or dispute" they are also relate directly to Plaintiff's failure to pay on the BOA Account. Thus, the arbitration provision is a valid and enforceable agreement to arbitrate and expressly applies to all of the purported claims Plaintiff seeks to raise. Accordingly, Asset is entitled to an order compelling arbitration of those claims.

### C. Arbitration Must Be on an Individual, Non-Class Basis

Although the Court has already denied Plaintiff's request for class certification as moot, such a request by Plaintiff is improper as barred by the express provisions of the Card Agreement. "The principle purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." *Concepcion,* 131 S. Ct. at 1748 (internal quotation marks and brackets omitted); *see also Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 53-54 (1995). To the extent that parties have agreed to arbitrate disputes on an individualized (non-class) basis, a court may not require class arbitration procedures or refuse to compel arbitration on the basis of unconscionability. *See Concepcion,* 131 S. Ct. at 1752-53 ("Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations").

Here, the Card Agreement plainly requires arbitration of disputes on an individual, non-class basis, and precludes Plaintiff from participating either directly or indirectly in any class action litigation related to such claims. *See* Proctor Decl., Exh. C, pp. 39-42. Accordingly, Plaintiff's individual claims must be submitted to arbitration, and to the extent he purports to represent the interests of a class, such class claims have been properly dismissed.

### D. Dismissal is the Appropriate Remedy

If the Court orders arbitration, which Asset submits is proper in this case, it may dismiss or, in the alternative, stay this lawsuit. The Ninth Circuit has repeatedly held that when all the claims in the Complaint are subject to arbitration, the

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

10

PAS01\720874.5
108721\0202

Case No. 3:13-cv-01718-BEN-BLM
MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS TRIAL COURT PROCEEDINGS

appropriate remedy is dismissal.  *E.g.*, *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (district court did not "err in dismissing plaintiff's claims that were subject to arbitration pursuant to Fed. R. Civ. P. 12(b)(6)"); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (where "judicial review . . . is barred by the [contract's] valid and enforceable arbitration clause[,] [t]he district court properly dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim."); *Simula*, 175 F.3d at 726 (affirming dismissal under Rule 12(b)(6) of claims subject to arbitration); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co. Ltd.*, 249 F.3d 1177, 1179 (9th Cir.2001); *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152-53 (9th Cir. 2004).

The Court has the discretion to stay litigation in lieu of dismissal.  The purpose of the statutory stay is "to protect the jurisdiction of the arbitrator by preserving the status quo until arbitration is resolved." *Fed. Ins. Co. v. Superior Court (Mackey)*, 60 Cal. App. 4th 1370, 1374, (1998).  The case may be stayed until the arbitration has concluded.  *Wagner v. Stratton Oakmont, Inc.* (9th Cir. 1996) 83 F3d 1046, 1048.  In California state court, when arbitration is ordered, California state law requires that the litigation must be stayed.  Cal. Civ. Proc. Code § 1281.4 (West); *RN Solution, Inc. v. Catholic Healthcare W.*, 165 Cal. App. 4th 1511, 1521, (2008).

Accordingly, Asset respectfully requests that the Court dismiss the case and compel the parties to arbitration.  Alternatively, the Court should stay this action pending completion of arbitration pursuant to the express terms of the Card Agreement.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Asset Acceptance, LLC respectfully requests an order from this Court dismissing the case and compelling Plaintiff to

11

submit to arbitration on an individual, non-class basis.  In the alternative, Defendant requests the Court stay trial court proceedings in this case until the arbitration is concluded.  Asset asks for all other relief to which it is justly entitled.

Dated:  March 13, 2014                    DYKEMA GOSSETT LLP


                                          By: s/Ashley R. Fickel
                                              Ashley R. Fickel
                                              Attorneys for Defendants
                                              ASSET ACCEPTANCE, LLC

# CERTIFICATE OF SERVICE

I certify that on March 13, 2014, I electronically filed the foregoing paper with the Clerk of the court using CM/ECF system which will send notification of such filing to all parties by operation of the Court's electronic filing system.

Dated:  March 13, 2014            By:  s/ Ashley R. Fickel
                                       Ashley R. Fickel
                                       AFickel@dykema.com

1

Case No. 3:13-cv-01718-BEN-BLM
**MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS TRIAL COURT PROCEEDINGS**

PAS01\720874.5
108721\0202