UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ASSET ACCEPTANCE, LLC,<br><br>    Defendant. | Case No. 13CV1718-BEN (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL, STAYING DISCOVERY, AND VACATING PRETRIAL DEADLINES PENDING RESOLUTION OF THE PENDING MOTION TO COMPEL ARBITRATION**<br><br>[ECF NO. 24] |

Currently before the Court is Plaintiff's March 7, 2014 motion to compel [ECF No. 24-2 ("MTC")], Defendant's March 14, 2014 opposition to the motion to compel [ECF No. 26 ("Oppo.")], and Plaintiff's March 21, 2014 reply [ECF No. 27 ("Reply")]. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to compel and **STAYS** discovery in this case until a ruling is issued on the pending motion to compel arbitration [ECF No. 25].

Plaintiff filed a complaint in this matter on July 23, 2013 [ECF No. 1] and a first amended class action complaint on August 22, 2013 [ECF No. 3 ("FAC")], alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 ("Rosenthal Act") "which prohibit debt collectors from

engaging in abusive, deceptive and unfair practices." FAC at 1. Plaintiff seeks actual damages, statutory damages, attorneys fees, and costs for the alleged violations. Id. at 9. The alleged violations arose when Plaintiff allegedly fell behind in payments that he owed on a debt prior to April 2009. Id. at 2. The debt was then assigned to Defendant for collection[1] and Defendant contacted Plaintiff multiple times in an attempt to collect on the debt. Id. at 3. Defendant sued Plaintiff in the Superior Court of California, San Diego on July 27, 2012 and Plaintiff had to hire an attorney and incur expenses to defend the lawsuit. Id. Plaintiff believes that the credit card agreement between himself and the original creditor was governed by Delaware law which provides a three year statute of limitations for credit card accounts, open book and account stated. Id. Accordingly, Plaintiff alleges that Defendant "attempted to collect a debt that was barred by the applicable statute of limitations" and thereby, violated the FDCPA and Rosenthal Act. Id. The class Plaintiff seeks to represent includes:

> (1) all natural persons in the State of California; (2) that were sued by defendant for a credit card account; (3) where said obligations were primarily for personal, family or household purposes; (4) between July 27, 2012 and July 27, 2013; (5) where the last payment or charge on the underlying account was made more than 3 years from the date the lawsuit was filed by Asset; and (6) and the underlying credit card agreement that gave rise to the purported debt is governed by the laws of the State of Delaware. Plaintiff defines "Rosenthal Act Class " as (1) all natural persons in the State of California; (2) that were sued by defendant for a credit card account; (3) where said obligations were money, property or their equivalent owing from a natural person by reason of a transaction between that person and a partnership, corporation, limited liability company, trust, estate cooperative, association or other similar entity in which that property, services or money was acquired on credit by that natural person primarily for personal, family or household purposes.; (4) between July 27, 2012 and July 27, 2013; (5) where the last payment or charge on the underlying account was made more than 3 years from the date the lawsuit was filed by Asset; and (6) and the underlying credit card agreement that gave rise to the purported debt is governed by the laws of the State of Delaware.

FAC at 5.

On February 28, 2014, counsel for both parties jointly contacted the Court regarding a discovery dispute brought by Plaintiff concerning Defendant's responses to several of Plaintiff's discovery requests. ECF No. 21. In regard to this dispute, the Court found it appropriate to issue a briefing schedule. Id. In accordance with the briefing schedule, Plaintiff filed a motion to

---

[1] "Plaintiff denies a valid assignment took place." FAC at 3.

compel on March 7, 2014 [MTC], Defendant filed a timely opposition on March 14, 2014 [Oppo.], and Plaintiff filed his reply on March 21, 2014 [Reply].

On March 13, 2014, Defendant filed a motion to compel arbitration and stay or dismiss trial court proceedings. ECF No. 25. The motion is set to be heard on May 12, 2014 by United States District Judge Roger T. Benitez. Id.

In the motion to compel discovery, Plaintiff moves to compel Defendant to (1) answer Interrogatories 2-9 and 13, (2) produce documents responsive to Requests for Production 1, 3-10, and 14-15, and (3) accurately answer Requests for Admission 1-8 and 13-16 from Plaintiff's First Set of Written Discovery Requests. MTC at 8. Defendant contends that Plaintiff's case is subject to arbitration and requests that the Court deny the motion or defer ruling on the motion to compel until the Court has ruled on its pending motion to compel arbitration [ECF No. 25]. Oppo. at 2. Plaintiff responds that Defendant continues to be evasive in its response in the opposition and argues that in a previous settlement, Bank of America[2] agreed that it would no longer enforce the arbitration provisions contained in its credit card agreements. Reply at 3.

The Court agrees with Defendant's position that a ruling on the motion to compel discovery is premature in light of the pending motion to compel arbitration. Accordingly, the Court **DENIES** the motion to compel discovery without prejudice to refiling, if necessary, after the resolution of the motion to compel arbitration. In addition, in light of the pending motion to compel arbitration, the Court finds it appropriate to **STAY** discovery in this case and **VACATE** all future pretrial deadlines set in the Court's March 7, 2014 Order Granting Joint Motion to Continue Deadlines [ECF No. 23] pending the district court's ruling on Defendant's motion to compel arbitration. See Stiener v. Apple Computer, Inc., 2007 WL 4219388, *1 (N.D. Cal. Nov. 29, 2007) (granting motion to stay obligations under the court's scheduling order pending resolution of defendant's motion to compel arbitration because if the motion is granted the case will proceed to arbitration and "responsibility for the conduct of discovery [will] lie[] with the arbitrators") (quoting CIGNA Health Care of St. Louis, Inc. v. Kaiser, 294 F.3d 849, 855 (7th Cir. 2002) (citing

---

[2]The alleged debt at issue was incurred on a Bank of America credit card. Oppo. at 2. Bank of America then sold the account to Defendant on December 27, 2011. Id. at 3.

9 U.S.C. § 7)) and (citing <u>Mundi v. Union Sec. Life Ins. Co.</u>, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) ("the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration")).  In the event that Defendant's motion to compel arbitration is denied, the parties are **ORDERED** to contact the chambers of the undersigned judge no later than **3 business days** after the district court's ruling and the Court will schedule a case management conference.

**IT IS SO ORDERED.**

DATED:  March 27, 2014

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge