UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) v. ) ) ASSET ACCEPTANCE, LLC, ) ) Defendant. ) ) ) | Case No. 13CV1718-BEN (BLM) **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** **[ECF No. 36]** |

Currently before the Court is Plaintiff's May 9, 2014 motion to compel [ECF No. 36-2 ("MTC")], Defendant's May 16, 2014 opposition to the motion to compel [ECF No. 37 ("Oppo.")], and Plaintiff's May 23, 2014 reply [ECF No. 38 ("Reply")].  For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART.**

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff filed a complaint in this matter on July 23, 2013 [ECF No. 1] and a first amended class action complaint on August 22, 2014 [ECF No. 3 ("FAC")], alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 ("Rosenthal Act") "which prohibit debt collectors from engaging in abusive, deceptive and unfair practices."  FAC at 1.  Plaintiff seeks actual damages,

---

[1]The beginning of the factual and procedural background is taken in large part from the Court's March 27, 2014 Order.

statutory damages, attorneys fees, and costs for the alleged violations. Id. at 9. The alleged violations arose when Plaintiff allegedly fell behind in payments that he owed on a debt prior to April 2009. Id. at 2. The debt was then assigned to Defendant for collection[2] and Defendant contacted Plaintiff multiple times in an attempt to collect on the debt. Id. at 3. Defendant sued Plaintiff in the Superior Court of California, San Diego on July 27, 2012 and Plaintiff had to hire an attorney and incur expenses to defend the lawsuit. Id. Plaintiff believes that the credit card agreement between himself and the original creditor was governed by Delaware law which provides a three year statute of limitations for credit card accounts, open book and account stated. Id. at 3-4. Accordingly, Plaintiff alleges that Defendant "attempted to collect a debt that was barred by the applicable statute of limitations" and thereby, violated the FDCPA and Rosenthal Act. Id. The class Plaintiff seeks to represent includes:

> (1) all natural persons in the State of California; (2) that were sued by defendant for a credit card account; (3) where said obligations were primarily for personal, family or household purposes; (4) between July 27, 2012 and July 27, 2013; (5) where the last payment or charge on the underlying account was made more than 3 years from the date the lawsuit was filed by Asset; and (6) the underlying credit card agreement that gave rise to the purported debt is governed by the laws of the State of Delaware. Plaintiff defines "Rosenthal Act Class " as (1) all natural persons in the State of California; (2) that were sued by defendant for a credit card account; (3) where said obligations were money, property or their equivalent owing from a natural person by reason of a transaction between that person and a partnership, corporation, limited liability company, trust, estate cooperative, association or other similar entity in which that property, services or money was acquired on credit by that natural person primarily for personal, family or household purposes.; (4) between July 27, 2012 and July 27, 2013; (5) where the last payment or charge on the underlying account was made more than 3 years from the date the lawsuit was filed by Asset; and (6) the underlying credit card agreement that gave rise to the purported debt is governed by the laws of the State of Delaware.

FAC at 4.

On February 28, 2014, counsel for both parties jointly contacted the Court regarding a discovery dispute brought by Plaintiff concerning Defendant's responses to several of Plaintiff's discovery requests. ECF No. 21. In regard to this dispute, the Court found it appropriate to issue a briefing schedule. Id. In accordance with the briefing schedule, Plaintiff filed a motion to compel on March 7, 2014, Defendant filed a timely opposition on March 14, 2014, and Plaintiff

---

[2]"Plaintiff denies a valid assignment took place." FAC at 3.

filed his reply on March 21, 2014.  ECF Nos. 24, 26 & 27.  On March 27, 2014, the Court denied without prejudice Plaintiff's motion to compel, stayed discovery, and vacated pretrial deadlines pending resolution of the then pending motion to compel arbitration.  ECF No. 28.  The Court Ordered the parties to contact Judge Major's chambers no later than three business days after the ruling on the motion to compel arbitration.  Id. at 4.  On April 17, 2014, the parties filed a joint motion to withdraw Defendant's motion to compel arbitration with prejudice and to continue the discovery stay.  ECF No. 32.  The motion to compel arbitration was denied as moot by Judge Benitez on April 22, 2014.  ECF No. 33.  The request for a continued stay of discovery was denied on April 23, 2014 and the Court reset the remaining pretrial dates.  ECF No. 34.  On May 5, 2014, counsel for both parties jointly contacted the Court regarding the previous discovery dispute.  ECF No. 35.  The Court found it appropriate to issue another briefing schedule.  Id.  In accordance with that schedule, Plaintiff filed his motion to compel on May 9, 2014 [MTC], Defendant filed its opposition on May 16, 2014 [Oppo.], and Plaintiff filed his reply on May 23, 2014 [Reply].

## LEGAL STANDARD

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1).  Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable.  Id.  District courts have broad discretion to determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action," Fed. R. Civ. P. 26(b)(1).  District courts also have broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

A party may serve interrogatories that relate to any matter within the scope of Rule 26(b).  Fed. R. Civ. P. 33(a).  "The grounds for objecting to an interrogatory must be stated with

specificity," and any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b). Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). However, actual possession, custody or control is not required; rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

Fed. R. Civ. P. 36 states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Subsection (a)(4) requires one of three answers: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter despite making a reasonable inquiry. See Fed. R. Civ. P. 36(a)(4). Alternatively, a party may object to a requested admission. See Fed. R. Civ. P. 36(a)(5) (stating that "the grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial").

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). If a party requesting an admission feels Rule 36 has not been met, that party may move to determine the sufficiency of the answer or objection. See Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Id. An order deeming matters admitted is a "severe sanction". Asea, Inc. v. Southern

1  Pacific Transportation Co., 669 F.2d 1242, 1247 (9th Cir. 1981). "Even when a party's answer

2  [fails to comply] with the literal requirements of the Rule, courts generally order an amended

3  answer rather than deem the matter admitted." Id.

4                                        **DISCUSSION**

5            Plaintiff moves to compel Defendant to (1) answer Interrogatories 2-9 and 13, (2) produce

6  documents responsive to Requests for Production ("RFP") 1, 3-10, and 14-15, and (3) accurately

7  answer Requests for Admission ("RFA") 1-8 and 13-16 from Plaintiff's First Set of Written

8  Discovery Requests. MTC at 11-27. In support, Plaintiff states that the requests at issue relate

9  to Plaintiff, damages, and relevant policies and procedures, and are designed to ascertain the

10 class. Id. Defendant contends that "Plaintiff is seeking information that is either invasive of the

11 putative class' privacy, premature in light of the fact that a class has not been certified, or

12 irrelevant to issues of liability, damages, or class certification" and should be denied in its entirety.

13 Oppo. at 2-3. Plaintiff responds that Defendant improperly attempts to avoid its discovery

14 obligation "because of a merits argument on Plaintiff's claim" and that Defendant's limited

15 production after the filing of the MTC has not "mooted" the discovery issues in this matter. Reply

16 at 2-3.

17 **A.    Requests Relating Solely to Plaintiff - RFP No. 15**

18          RFP No. 15 seeks "[a]ll documents that concern or refer to the named plaintiffs in this

19 action." MTC, Exh. 7 at 8-9. Defendant objected to this request but stated it would "produce

20 non-privileged, responsive documents." Id. In his moving papers, Plaintiff argued that "Defendant

21 still has not produced a single document responsive to Plaintiff's discovery requests, including

22 documents that directly concern the Plaintiff" and that Defendant's objections as to privilege and

23 work product should be overruled since Defendant has failed to produce a privilege log or a single

24 document more than two months after the requests were made. MTC at 12. Defendant

25 responded that it provided Plaintiff with "103 pages of documents relating to Plaintiff's account

26 with [Defendant]" on May 14, 2014. Declaration of Ashley R. Fickle ("Fickle Decl.") at 2; see also

27 Reply, Exhibit 1. Defendant contends, therefore, that the "relief sought in Plaintiff's motion with

28 respect to [RFP] 15 is moot." Oppo. at 5.

Plaintiff disagrees and explains that the produced documents contain inappropriate redactions of relevant information, such as the statute of limitations date on Plaintiff's account. Reply at 4.  Plaintiff argues that the redactions, including handwritten notations, are improper because the information is relevant since it is on Plaintiff's account documents, there is a protective order in this case governing the exchange of confidential information, and Defendant did not produce a privilege log stating that the redactions covered privileged communications. Id.  Defendant did not provide an explanation or justification for the redactions.  Oppo. at 5 ("Asset provided all non-privileged documents in its possession that concern or refer to Plaintiff's Bank of America account.").

Plaintiff's motion to compel further response to RFP No. 15 is **GRANTED**.  Defendant must remove all redactions unless the redacted content is privileged.  If Defendant redacts information based upon a privilege, Defendant must provide Plaintiff with a privilege log providing the legal basis for each redaction.  See Fed. R. Civ. P. 26(b)(5) (requiring party to expressly make claim of privilege and to describe the nature of the material withheld).  The privilege log must be provided to Plaintiff with the supplemental document production.

## B.    Requests Designed to Ascertain the Class - RFAs 1-8, 13-16

Requests for Admission 1-4 state:

1. You filed more than 500 lawsuits in California to collect a debt allegedly owing on a consumer credit card account.

2. You filed more than 1,000 lawsuits in California to collect a debt allegedly owing on a consumer credit card account.

3. You filed more than 2,500 lawsuits in California to collect a debt allegedly owing on a consumer credit card account.

4. You filed more than 5,000 lawsuits in California to collect a debt allegedly owing on a consumer credit card account.

MTC, Exh. 4 at 2-8.  Initially, Defendant provided a partial answer but stated that it did not have sufficient information to admit or deny each request.  Id.  On May 14, 2014, Defendant supplemented its responses, providing the same response to RFAs 1-4 with the only difference being the number before "lawsuits" and that number matched whatever number was in the RFA. Fickle Decl. at 2, Exh. B.  The supplemental response is as follows:

6

13cv1718-BEN (BLM)

Asset admits that is has filed more than [] lawsuits to collect a debt allegedly owing on a credit card account in California.  Asset, having made reasonable inquiry, is without sufficient information to admit that these credit card accounts were consumer accounts and therefore denies the remainder of the request.

Id.

Requests for Admission 5-8 and 13-16 state:

5. You filed more than 500 lawsuits in California to collect a debt allegedly owing on a consumer credit card account where the underlying credit card agreement has a Delaware choice of law provision.

6. You filed more than 1,000 lawsuits in California to collect a debt allegedly owing on a consumer credit card account where the underlying credit card agreement has a Delaware choice of law provision.

7. You filed more than 2,500 lawsuits in California to collect a debt allegedly owing on a consumer credit card account where the underlying credit card agreement has a Delaware choice of law provision.

8. You filed more than 5,000 lawsuits in California to collect a debt allegedly owing on a consumer credit card account where the underlying credit card agreement has a Delaware choice of law provision.

13. You filed more than 500 lawsuits in California to collect a debt allegedly owing on a consumer credit card account where the underlying credit card agreement has a Delaware choice of law provision and the last payment or charge by the consumer on the account was made more than three years prior to the date of the lawsuit

14. You filed more than 1,000 lawsuits in California to collect a debt allegedly owing on a consumer credit card account where the underlying credit card agreement has a Delaware choice of law provision and the last payment or charge by the consumer on the account was made more than three years prior to the date of the lawsuit.

15. You filed more than 2,500 lawsuits in California to collect a debt allegedly owing on a consumer credit card account where the underlying credit card agreement has a Delaware choice of law provision and the last payment or charge by the consumer on the account was made more than three years prior to the date of the lawsuit.

16. You filed more than 5,000 lawsuits in California to collect a debt allegedly owing on a consumer credit card account where the underlying credit card agreement has a Delaware choice of law provision and the last payment or charge by the consumer on the account was made more than three years prior to the date of the lawsuit.

MTC, Exh. 4 at 3-8.  Defendant provided the same response to RFAs 5-8 and 13-16:

Asset objects because request is vague and ambiguous as to "a debt allegedly owing on a consumer credit card account." Asset further objects to the extent that the  court records of the State of California are publically available to plaintiff. Without waiving the foregoing objections, having made reasonable inquiry, the information Asset knows or can readily obtain is insufficient to enable it to admit or deny the remaining allegations of this request.

Id. at 3-5.  Defendant supplemented its responses to RFAs 13-16 on May 14, 2014, but not RFAs

5-8. Fickle Decl. at 2, Exh. B. The additional responses to RFAs 13 and 14 are identical with the exception of the number before "lawsuits" which matches whatever number was in the RFA. The supplemental response is as follows:

> Asset admits that it has filed more than [] lawsuits to collect a debt allegedly owing on a credit card account in California where the last payment or charge was more than 3 years from the date of the filing of the lawsuit. Asset, having made reasonable inquiry, is without sufficient information to admit that these credit card accounts were consumer accounts or that the underlying credit card agreement had a Delaware choice of law provision, and therefore denies the remainder of the request.

Id. The supplemental responses to RFAs 15 and 16 also are identical and state "Denied." Id.

With regard to all of these RFAs, Plaintiff argues that Defendant should be required to respond based upon information in either Defendant's possession or the possession of counsel employed by Defendant to litigate on its behalf because both types of information are within Defendant's "custody and control." MTC at 13-15; Reply at 5-6. Defendant asserts that it has responded "as fully and completely as it can with the information in [Defendant's] custody and control" and that it cannot respond as to the exact nature of the debt or the governing terms and conditions of each account since it was not the original creditor. Oppo. at 6. Defendant argues that it is not obligated "to obtain this information from third-parties who are not under [Defendant's] control" and that the cases Plaintiff cites in support of that notion concern parties obtaining information from related entities and subsidiaries, not former parties to a business transaction. Id.

Defendant admits that is has filed more than 5,000 lawsuits to collect a debt allegedly owing on a credit card account in California. Id. If any of those lawsuits were based on a consumer credit card account, Defendant or its attorneys would have had to file a venue declaration establishing that the action arose from "extensions of credit intended primarily for personal, family or household use." Cal. Civ. P. Code 395(b)[3]; see also Cal. Civ. P. Code 396a(a).

---

[3]The full text of Ca. Civ. P. Code 395(b) reads "(b) Subject to the power of the court to transfer actions or proceedings as provided in this title, in an action arising from an offer or provision of goods, services, loans or extensions of credit intended primarily for personal, family or household use, other than an obligation described in Section 1812.10 or Section 2984.4 of the Civil Code, or an action arising from a transaction consummated as a proximate result of either an unsolicited telephone call made by a seller engaged in the business of consummating transactions of that kind or a telephone call or electronic transmission made by the buyer or lessee in response to a

Defendant neither admits nor denies that it filed such declarations in its collection cases and merely argues that just because it filed a venue declaration in Plaintiff's underlying case, "does not mean that Asset routinely files such declaration, or has in other instances."  Oppo. at 7.  Because Defendant has not provided any evidence indicating that the declarations (or facts required for the declarations) are not in the possession of its debt collection counsel, and because Defendant has filed thousands of lawsuits to collect a debt on a credit card account in California and California law requires venue declarations, the Court finds that it is likely that information enabling it to respond more fully to the RFAs is within the possession of its debt collection counsel.

Defendant argues that it does not have custody or control over the information in the possession of the attorney or attorneys Defendant employed to file the debt collection lawsuits.  Oppo. at 6-7.  Defendant is incorrect.  In a similar case, the court held that defendant has custody and control of documents in the physical possession of defendant's former counsel.  Ivy Hotel San Diego, LLC v. Houston Cas. Co., 2011 WL 4914941, *1-2 (S.D. Cal. Oct. 17, 2011).  Ivy Hotel San Diego, LLC, is an insurance coverage action where plaintiff sued defendant to recover legal fees and expenses incurred while defending a cross complaint in a different matter ("Krump matter").  Ivy Hotel San Diego, LLC, 2011 WL 4914941 at *1-2.  When plaintiff propounded its first set of RFPs, it requested documents regarding defendant's handling of plaintiff's claim in the Krump matter.  Id. at 2.  Defendant responded by withholding several documents that were subject to the attorney-client privilege or work product doctrine and identifying and producing only the documents that were in its immediate possession.  Id.  Defendant informed plaintiff that it was unable to force its coverage counsel to turn over her work product and that it did not request that

---

solicitation by the seller, the superior court in the county where the buyer or lessee in fact signed the contract, where the buyer or lessee resided at the time the contract was entered into, or where the buyer or lessee resides at the commencement of the action is the proper court for the trial of the action. In the superior court designated in this subdivision as the proper court, the proper court location for trial of a case is the location where the court tries that type of case that is nearest or most accessible to where the buyer or lessee resides, where the buyer or lessee in fact signed the contract, where the buyer or lessee resided at the time the contract was entered into, or where the buyer or lessee resides at the commencement of the action. Otherwise, any location of the superior court designated as the proper court in this subdivision is a proper court location for the trial. The court may specify by local rule the nearest or most accessible court location where the court tries that type of case."

1   counsel's files be made available for possible production.  Id. at 2, 9. Defendant argued that

2   coverage counsel's documents were not in defendant's possession, custody, or control because

3   defendant was "not legally entitled to the former attorneys' work product."  Id. at 9.  Plaintiff

4   argued that defendant was required to search its former counsel's records and produce responsive

5   documents.  Id.  The court agreed with plaintiff and found that the "circumstances of this case

6   indicate that responsive documents located in [coverage counsel's] files are within [defendant's]

7   control because it maintains the right and ability to influence the former law firm to allow

8   inspection and copying of the materials.  [Defendant], as the law firm's former client, paid for the

9   creation of the work product and is entitled to inspect and copy the materials."  Id. at 10.

10        Similarly, in Moreno v. Autozone, Inc., 2008 WL 906510, *1 (N.D. Cal. April 1, 2008),

11   defendant requested that plaintiff be compelled to produce documents related to nonparty

12   witnesses.  Plaintiff argued that she could not be required to produce the documents because

13   neither she nor her current counsel had the documents in their possession.  Id.  The court noted

14   that "[c]ontrol is generally defined as the legal right to obtain the documents on demand and at

15   times has been construed more broadly to include the practical ability to obtain the documents

16   sought upon demand" and found that since plaintiff's former counsel appeared to be in possession

17   of the documents, plaintiff had the legal right to obtain the documents from her former counsel

18   on demand.  Id.

19        Here, the Court finds that Defendant is obligated to obtain responsive documents from its

20   former counsel.  As the cases above demonstrate, if Defendant's current or former counsel has

21   responsive documents, Defendant has possession, custody, or control of those documents for

22   purposes of discovery.  Accordingly, Defendant must obtain and review the collection files in the

23   custody and control of its debt collection counsel and use that information to supplement its

24   responses to the identified RFAs.  Defendant's additional objection that the court records are

25   publicly available to Plaintiff is not persuasive.  See Thomas v. Hickman, 2007 WL 4302974, *19

26   (E.D. Cal. Dec. 6,2007)(stating that "the fact that some of the documents might be possessed by

27   Plaintiff or be available to Plaintiff or the public is not a basis for refusing to produce documents

28   that are otherwise discoverable")(citing See, 6 James Wm. Moore et al., Moore's Federal Practice,

§ 26.41[13] 3d ed. 2006 and <u>Weiner v. Bache Halsey Stuart, Inc.</u>, 76 F.R.D. 624, 625 (S.D. Fla. 1977)); <u>see also</u> <u>Bretana v. International Collection Corp.</u>, 2008 WL 4334710, * 5-6 (N.D. Cal. Sept. 22, 2008) (stating that defendant can not validly object to producing discovery because the information is contained in public records available to all parties) (citing <u>St. Paul Reinsurance Co., Ltd. v. Commerical Fin. Corp.</u>, 198 F.R.D. 508, 514 (N.D.Iowa 2000) ("It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'" (citation omitted)).

Plaintiff's motion to compel additional investigation and supplemental responses to the identified RFAs is **GRANTED**.

## C.    <u>Requests Designed to Ascertain the Class - Interrogatories 2, 4-8</u>

Plaintiff states that the identified interrogatories are designed to obtain basic information about the proposed class.  ECF No. 16-19.

Interrogatories 2 and 4 present the following requests:

> 2. Identify all persons in the State of California that you sued to collect a debt allegedly owing on a consumer credit card account, where the underlying credit card
> agreement has a Delaware choice of law provision, and the last payment or charge by the consumer on the account was made more than three years prior to the date of the lawsuit.
>
> 4. Identify by case number, party defendant, date of filing, and jurisdiction every lawsuit you filed in California against a consumer alleged to owe a debt on a credit card account.

MTC at Exh. 5 at 3-4.  Defendant provided identical responses to Interrogatories 2 and 4 which read:

> Asset objects to the interrogatory as unduly burdensome to the extent that the court records of the State of California are publically available to plaintiff.  Asset further objects to this interrogatory as overbroad and unduly burdensome because it requires a fact-sensitive and legal analysis of each lawsuit and the underlying account(s) involved in each lawsuit and no class has been certified. Asset also objects because the interrogatory requires it to reveal the personal and private information of third parties to this lawsuit in violation of their applicable privacy rights. Lastly, the interrogatory is overly broad, unduly burdensome and requests information not reasonably calculated to lead to the discovery of admissible information relating to the claims and defenses of the parties because it is not limited to the definition of the proposed class.

<u>Id.</u>  Defendant supplemented its response to Interrogatory No. 4 on May 14, 2014.  Fickle Decl.

1    at 2, Exh. A.  The supplemental response for interrogatory 4[4] states:

2        Asset refers Plaintiff to a document attached hereto as Exhibit A which identifies by
3        case number, date of filing, and jurisdiction every lawsuit it has filed in California
         to collect on a delinquent credit card account where the last payment or charge on
         the account was made more than three years from the filing of the Complaint.

4

5    Id.

6        Defendant objects to Interrogatory number 2 because it contends that Plaintiff has failed

7    to provide the Court with any basis for ordering "pre-certification discovery regarding the

8    identities of putative class members" and that such information would not lead "to additional,

9    discoverable evidence related to class certification issues."  Oppo. at 8.  Defendant further

10   contends that its supplemental response to Interrogatory 4 is sufficient and "[a]ny further

11   information … is outside the scope of Plaintiff's putative class and is not relevant to any issue in

12   this case."  Id. at 9.  Plaintiff responds that the requested information is necessary to ascertain

13   which accounts have Delaware choice of law provisions and to "show that the class is

14   ascertainable and identifiable, sufficiently numerous, and that common issues will predominate."

15   Reply at 7.

16       Plaintiff's motion to compel further response to Interrogatories 2 and 4 is **GRANTED**.  As

17   noted by Plaintiff, Defendant is resisting Plaintiff's every attempt to obtain the information

18   necessary to certify the class.  Defendant cannot attempt to avoid its discovery obligations by

19   repeatedly arguing that Plaintiff should obtain the requested information via some other discovery

20   method.  As discussed above, Defendant cannot avoid his discovery obligations simply by stating

21   that court records are publicly available.  See Thomas, 2007 WL 4302974 at *19; see also

22   Bretana, 2008 WL 4334710 at * 5-6.  Also, Defendant's concerns about the personal and private

23   information of third parties is misplaced as a protective order has been entered by this Court

24   which governs the disclosure of confidential information [see ECF No. 31] and which will protect

25   the personal information of the class members.  Finally, the Court has not bifurcated discovery

26

27       [4]Exh. A to the Fickle Decl. Appears to be misnumbered as there is no further response to Interrogatory 4 and
     the responses are not numbered in order.  However, based on the language in Defendant's opposition [see Opp. at
28   8], the Court assumes that the paragraph labeled "further response to interrogatory no. 5" is really a further response
     to Interrogatory No. 4.  Exh. A to the Fickle Decl.

1  so Defendant's argument that the requested discovery must wait until after the class certification

2  motion is decided, fails.    Defendant is **ORDERED** to provide additional responses to

3  Interrogatories 2 and 4.

4       Interrogatories 5 and 6 sought information regarding debt portfolios and original creditors.

5  MTC, Exh. 5 at 5.  Although Defendant originally objected to these interrogatories, Defendant

6  supplemented its responses on May 14, 2014.  Fickle Decl. at 2, Exh. A; Oppo. at 8-9.  Plaintiff

7  does not challenge the adequacy of Defendant's responses so Plaintiff's request to compel further

8  response to Interrogatories 5 and 6 is **DENIED AS MOOT**.

9       Interrogatory 7 requests that Defendant:

10      Identify every person known to you who likely has knowledge or is able to readily
        obtain knowledge about the location and contents of the underlying credit card
11      agreements for any of the consumer credit card accounts that you sought to collect
        through litigation in California.

12

13  MTC at Exh. 5 at 5.  Defendant responded as follows:

14      Asset objects to this interrogatory as overly broad, unduly burdensome and
        requesting information not reasonably calculated to lead to the discovery of
15      admissible information relating the claims and defenses of the parties because it is
        not limited to the definition of the proposed class. Subject to and without waiving
16      those objections, Asset assumes the defendant in the lawsuits filed on its behalf
        would have knowledge responsive to his [sic] interrogatory. Their names are
17      presumably available through a search of the public court records. Asset objects to
        revealing their names and other personal identifying information plaintiff requests
18      because they are not parties to this case and the production of that information
        may violate their applicable privacy rights. The counsel Asset retained to file the
19      lawsuits may have information responsive to the interrogatory and their contact
        information appears in the actual lawsuits filed on Asset's behalf. Further, Mr.
20      Kenneth Proctor, Corporate Counsel for Asset, may have information responsive to
        the interrogatory. Mr. Proctor can be contacted only through counsel for Asset.

21

22  Id. at 5-6.  Defendant supplemented its response on May 14, 2014, stating "Asset refers to the

23  person most knowledgeable for the respective original creditors identified in Exhibit A."  Fickle

24  Decl. at 2, Exh. A.

25      Plaintiff's motion to compel further response to Interrogatory No. 7 is **GRANTED**.

26  Interrogatory 7 seeks information for all individuals who have or are likely to have the described

27  knowledge.  Defendant's response does not appear to be a complete list of individuals likely to

28  have responsive information and knowledge as it does not include any of Defendant's employees,

other than corporate counsel.  In addition, as discussed above, Defendant's response that Plaintiff can obtain the identity of the debtor and collection counsel from the public record is insufficient. Defendant must provide the requested information if it is within Defendant's custody and control, including documents and files maintained by its collection counsel.  Finally, Defendant argues that any additional individuals are beyond the scope of the putative class and not relevant.  Oppo. at 9.  The Court disagrees and orders Defendant to supplement its response.

Interrogatory 8 requests that Defendant "[i]dentify each and every attorney that filed a lawsuit on your behalf against a person alleged to owe a debt on a consumer credit card account in California."  MTC at Exh. 5 at 6.  While Defendant initially objected, Defendant supplemented its response on May 14, 2014, identifying "Fulton Friedman Gullace.  Winn Law Group.  Discovery and investigation are ongoing."  Fickle Decl. at 2, Exh. A at 8.  Plaintiff does not raise any further concerns about this response in his reply so Plaintiff's request to compel further response to Interrogatory 8 is **DENIED AS MOOT**.

### D.    Requests Designed to Ascertain the Class - RFPs 1, 3-5

With regard to RFP 1, the parties requested and responded as follows:

> All documents that contain, describe, or refer to the underlying credit card agreements for all of the consumer credit card accounts that you sought to collect through litigation in California.

> Asset objects to this request as overbroad, unduly burdensome and requesting documents not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties and which could reveal information protected from discovery by the attorney-client privilege, work product doctrine or privacy laws protecting the rights of non-parties to this case.

MTC, Exh. 7 at 3.

Defendant argues that the requested agreements are irrelevant and not under its control. Oppo. at 9-10.  Plaintiff responds that the agreements are relevant because "they contain the Delaware choice of law provisions, likely identify whether the accounts are consumer accounts, and whether there are any arbitration rights."  Reply at 8.

Defendant relies on <u>Boon v. Prof'l Collection Consultants</u>, 978 F. Supp. 2d 1163 (S.D. Cal. 2014), for its irrelevancy claim, arguing that since Defendant "sued Plaintiff [in the underlying

debt collection case] under an account stated/open book account theory[,] which is wholly independent of the subject credit card agreements," it should not be required to produce the requested documents.  Oppo. at 10.  While <u>Boon</u> found that an account stated claim was a new claim independent from the "original dealings and transactions of the parties," <u>Boon</u> is an order granting summary judgment and does not speak to discovery.  Here, for the reasons articulated by Plaintiff, the Court finds that the requested documents are relevant.  <u>See</u> Fed. R. Civ. P. 26 (relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable).  Moreover, for the reasons set forth above, the Court finds that the credit card agreements are within the control of Defendant as they most likely are possessed by the lawyer who sued the credit card holder to collect the credit card debt.  Plaintiff's motion to compel a substantive response is **GRANTED**.  Defendant is **ORDERED** to provide documents responsive to RFP No. 1.

In RFP No. 3, Plaintiff seeks:

> All documents that identify, describe, or refer to the debt portfolios referenced in interrogatory # 5, including but not limited to all purchase agreements and assignments.

MTC at Exh. 7 at 4.  RFP No. 5 requests:

> All documents containing the account information (including but not limited to creditor information, balances, payments, charges, and applicable statutes of limitations) for the consumer credit card accounts you sought to collect through litigation in California.

<u>Id.</u>  Defendant provided identical responses to RFPs 3 and 5 which read:

> Asset objects to this request as overbroad, unduly burdensome and requesting[5] documents not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties and which could reveal information protected from discovery by the attorney-client privilege, work product doctrine or privacy laws protecting the rights of non-parties to this case. Subject to and without waiving these objections, Asset will produce the non-privileged information concerning plaintiff's account that is responsive to this request and the claims and defenses of the parties.

<u>Id.</u> at 4-5.

Defendant argues that its supplemental response to Interrogatories 5 and 6, which

---

[5]RFP No. 3 says "requesting confidential and proprietary documents."  MTC at Exh. 7 at 4.

included a spreadsheet identifying the debt portfolios and original creditors [see ECF No. 37-2, Exh. A], also constitutes an adequate response to these RFPs. Oppo. at 10. Plaintiff disagrees and argues that the spreadsheet is a summary, at best, and does not provide the documents requested in the instant RFPS. Reply at 8. Plaintiff also argues that Defendant has waived any objection to RFP 5 because Defendant's opposition does not oppose this request. Id. at 9.

Plaintiff's motion to compel further responses to RFPs 3 and 5 is **GRANTED.** The spreadsheet does not adequately respond to RFPs 3 and 5 because it does not provide the requested documents. Moreover, Plaintiff is entitled to review the documents that support the information in the spreadsheet. Finally, Defendant has waived any objection Plaintiff's motion to compel further response to RFP No. 5. Accordingly, the Court **ORDERS** Defendant to produce all documents responsive to RFP Nos. 3 and 5.

With regard to RFP No. 4, the parties state:

> All documents identifying the original creditors and assignees for the consumer credit card accounts you sought to collect through litigation in California.

> Asset objects to this request as overbroad, unduly burdensome and requesting confidential and proprietary documents not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties and which could reveal information protected from discovery by the attorney-client privilege, the work product doctrine or privacy laws protecting the rights of nonparties to this case. Subject to and without waiving these objections, the complaints filed for Asset in California courts are equally available to plaintiff and would contain the information responsive to this request. Subject to and without waiving this information, Asset will produce the non-privileged information concerning plaintiff's account that is responsive to this request and the claims and defenses of the parties.

MTC at Exh. 7 at 4-5. Defendant did not oppose Plaintiff's motion to compel further response to RFP No. 4. See Oppo.; see also Reply at 8. Moreover, as explained by Plaintiff, the request seeks relevant documents. Accordingly, Plaintiff's motion to compel further response to RFP No. 4 is **GRANTED**.

### E.    Requests Relating to Damages - Interrogatory Nos. 3 & 13

These requests concern the damages that are permitted under the FDCPA and Rosenthal Act. MTC at 22.

Interrogatory 3 and Defendant's response:

3. Identify the total amount you collected on each consumer credit card account referenced in interrogatory #2 after filing the lawsuit to collect on that account.

Asset objects to the interrogatory as unduly burdensome to the extent that the court records of the State of California are publically available to plaintiff.  Asset further objects to this interrogatory as overbroad and unduly burdensome because it requires a fact-sensitive and legal analysis of each lawsuit and the underlying account(s) involved in each lawsuit and no class has been certified. Asset also objects because the interrogatory requires it to reveal the personal and private information of third parties to this lawsuit in violation of their applicable privacy rights. Lastly, the interrogatory is overly broad, unduly burdensome and requests information not reasonably calculated to lead to the discovery of admissible information relating the claims and defenses of the parties because it is not limited to the definition of the proposed class.

Interrogatory 13 and Defendant's response:

13. State your most recently calculated net worth.

Asset objects to this interrogatory because it is vague as to "net worth." Asset further objects to this interrogatory in that it is not designed to obtain information reasonably calculated to lead to the discovery of admissible evidence because no class has been certified. Without waiving the foregoing objections, Asset responds by stating that 1% of its most recently calculated net worth exceeds the maximum recovery available to the putative class.

MTC, Exh. 5 at 4-8.

Plaintiff argues that the information sought is relevant to damages and cites to 15 U.S.C. §1692k(a)(1)-(2)[6] and Civil Code Section 1788.30(a)-(b)[7] for support.  Reply at 9.  Defendant states that it is "premature" for the Court to order Defendant to total the amount collected from each class member and that this should not be ruled on until a class has been certified.  Id. at 10.  Defendant contends that Plaintiff does not need to know its exact net worth and, therefore,

---

[6]15 U.S.C. §1692k(1)-(2) states that "Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of– (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector."

[7]Civil Code Section 1788.30(a)-(b) "(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.  (b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)."

1  it has accurately and appropriately responded to Interrogatory No. 13.  Id.

2       The Court agrees with Defendant.  While Interrogatory No. 3 seeks relevant information,

3  it apparently requires additional investigation and computation.  See Oppo. at 10 ("Asset [would

4  need to] engage in the time and expense of totaling the amounts collected from each individual

5  class member").  Because the scope of this analysis is contingent on the class definition, the Court

6  declines to require Defendant to supplement its response at this time.  However, if a class is

7  certified, Defendant must supplement its response to Interrogatory No. 3 by providing the total

8  amount collected on each account in the certified class within 4 weeks after the class is certified.

9  Accordingly, Plaintiff's motion to compel a supplemental response to Interrogatory 3 is **DENIED**.

10      The Court finds that Defendant's response to Interrogatory 13 is sufficient.  It is clear that

11  net worth is a relevant area of inquiry in FDCPA class actions even before a class has been

12  certified.[8]  Defendant has appropriately responded to Plaintiff and stated that 1% of its net worth

13  exceeds the maximum recovery available to the class.  MTC, Exh. 5 at 4.  Plaintiff has not

14  articulated any basis for requiring a more detailed response regarding Defendant's net worth.

15  Accordingly, Plaintiff's motion to compel a supplemental response to Interrogatory 13 is **DENIED.**

16      **D.    Requests Relating to Relevant Policies and Procedures - RFP Nos. 6-7, 10**

17      Plaintiff argues that Defendant has failed to produce any documents on its policies and

18  procedures regarding the statute of limitations and its document retention and destruction

19  _____

20      [8]See Bode v. Encore Receivable Management, Inc., 2006 WL 801017, *1-2 (E.D. Wis. March 29, 2006)
21  (ordering defendant to state its net worth in a FDCPA case where defendant objected stating that the request was
   premature and irrelevant because no class had been certified, and noting that "a party need not have a class certified
22  to justify the relevance of a request for a defendant to state its net worth in an FDCPA action") (citing Mailloux v.
   Arrow Financial Services, LLC., 2002 WL 246771, *1 (E.D. N.Y. Feb. 21, 2002) (finding that discovery requests relating
23  to the net worth of defendant were relevant to determining class damages under 15 U.S.C. § 1692 k(a)(2)(B) and
   finding an affidavit in lieu of the requested documents to be insufficient as "plaintiff need not accept defendant's
24  interpretation of its financial data through representations in an affidavit, but is entitled herself to examine the data
   underlying defendant's statement of net worth"); Trevino v. ACB American, Inc., 232 F.R.D. 612, 617 (N.D.
25  2006)(finding that defendants in putative class action brought under the FDCPA were required "to produce complete
   annual financial statements for the past three years, including, but not limited to, balance sheets, and profit and loss
26  statements with notes," but denying without prejudice plaintiff's request for tax returns); see also Ramirez v. Palisades
   Collection, LLC, 2008 WL 7506560, *1 (N.D. Ill. Jan. 7, 2008) (stating that "[i]nformation concerning a defendant's
27  net worth is useful in determining whether class certification is appropriate in an FDCPA action" and ordering
   defendant to produce evidence of net worth in response to plaintiff's interrogatory"); and Green v. Monarch Recovery
28  Mgmt., Inc., 2014 WL 657807, *2 (S.D. Ind. Feb. 18, 2014) (finding that net worth was relevant and that Plaintiff
   was entitled to the discovery).

policies, both of which are relevant to this proceeding.  MTC at 23.  Defendant does not oppose Plaintiff's motion to compel these documents.  See Oppo.  As a result, Plaintiff argues that Defendant has conceded that it must produce these documents.  Reply at 10.

In RFP Nos. 6 and 7, Plaintiff requests:

> All documents that contain or describe your policies and procedures relating to the determination and documentation of statute of limitation dates on the accounts you collect. (RFP 6)

> All documents that contain or describe your policies and procedures relating to the filing of lawsuits before or after the statute of limitations has run.  (RFP 7)

Defendant provided identical responses to RFPs 6 and 7, which state:

> Asset objects to this request as overbroad, unduly burdensome and requesting confidential and proprietary documents not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties and which could reveal information protected from discovery by the attorney-client privilege or the work product doctrine. Subject to and without waiving these objections, Asset will produce the non-privileged information concerning plaintiff's account that is responsive to this request and the claims and defenses of the parties.

RFP No. 10 seeks:

> All documents setting forth defendant's document destruction and retention policies or any changes made to the same since July 27, 2012.

> Asset objects to this request as overbroad, unduly burdensome and requesting confidential and proprietary documents not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties and which could reveal information protected from discovery by the attorney-client privilege or the work product doctrine.

MTC, Exh. 7 at 5-7.  Defendant supplemented its response on May 14, 2014 by providing Plaintiff with "103 pages of documents relating to Plaintiff's account with [Defendant]."  Fickle Decl. at 2.

The documents requested by Plaintiff in these RFPs are relevant to issues presented in this litigation.  See Fed. R. Civ. P. 26(b).  In addition, Defendant has not provided any facts or argument to support its objections or to establish the claimed burden. Defendant also has not produced a privilege log identifying any documents withheld pursuant to a privilege.  Finally, while Defendant does not describe the documents produced in its supplemental production, the production appears to contain only documents relating to Plaintiff's collection account and does not appear to include the requested policies and procedures.  Accordingly, the Court **GRANTS**

1 Plaintiff's motion to compel and orders Defendant to produce all documents responsive to RFP

2 Nos. 6, 7 and 10.

3        **G.**    <u>**Miscellaneous Requests - Interrogatory No. 9, RFP Nos. 8-9, 14**</u>

4      With regard to Interrogatory No. 9, the parties state:

5         Identify by name, server location, and column headings every database table

6         containing account information (including but not limited to creditor information,
balances, payments, charges, and applicable statute of limitations) for any of the

7         consumer credit card accounts you sought to collect through litigation in California.

8         Asset objects to this interrogatory as vague and ambiguous because it is unclear
what information plaintiff is seeking. Asset objects to the request to the extent

9         plaintiff is asking for information protected from discovery by the attorney-client
privilege or the attorney work product doctrine. Lastly, Asset objects to this

10        interrogatory as overly broad, unduly burdensome and requesting information not
reasonably calculated to lead to the discovery of admissible information relating the
claims and defenses of the parties because it is not limited to the definition of the

11        proposed class.

12 MTC, Exh. 5 at 6-7.

13      Plaintiff argues that the instant request "seeks basic information about the computer

14 database tables that contain the relevant account information of the class members." MTC at 25.

15 Defendant responds that the request is overbroad and that Defendant has produced "clear and

16 unambiguous" information about the putative class so Plaintiff does not need this information.

17 Oppo. at 11. Plaintiff replies that it needs a "data dictionary" because "there are numerous codes

18 and abbreviations [on the digital documents produced by Plaintiff] that are unexplained and for

19 which the meaning is not clear to an outsider." Reply at 10.

20      The Court agrees with Defendant that Plaintiff's request as written is overbroad. However,

21 the Court also agrees with Plaintiff that he has a right to a "data dictionary" to enable him to

22 understand the codes and abbreviations on Defendant's documents. Accordingly, Plaintiff's

23 motion to compel a substantive response to Interrogatory 9 is **DENIED**. If, however, Defendant

24 has a "data dictionary" file or document which would assist Plaintiff in understanding the codes

25 and abbreviations set forth in Defendants documents (such as Exhibit 1 to Plaintiff's Reply),

26 Defendant is ordered to produce it. If there is no such document or file, the parties are ordered

27 to meet and confer regarding this issue and Defendant is required to provide Plaintiff with

28 documents providing such information or an alternative method by which Plaintiff can obtain the

1    necessary information.

2          With regards to RFP No. 8, the parties state:

3          All organizational charts for Asset Acceptance and any parent companies,
           subsidiaries, and companies with whom Asset shares a parent company.

4
5          Asset objects to this request in that it is vague as to "organizational charts."
           Subject to and without waiving the foregoing objections, Asset refers Plaintiff to the
           notice of interested parties already filed in this case.

6
7    MTC, Exh. 7 at 6-8. Defendant argues that the request is irrelevant and overbroad and explains

8    that Plaintiff can look at "publically available information published in [Defendant's] parent

9    company's 10k filings." Oppo. at 11-12. Plaintiff responds that the information is relevant to its

10   efforts to "determine which entities were involved in the debt purchasing at issue, the lawsuits

11   at issue, and to determining whether any related companies may also be liable for the conduct

12   at issue in this case." Reply at 11.

13         Plaintiff's motion to compel further response to RFP No. 8 is **GRANTED IN PART**.  The

14   Court finds that the request is relevant, appropriate, and contrary to Defendant's assertion, is not

15   "vague."[9]  However, the Court finds that the request is overly broad as it is not limited to a

16   particular time frame.  Accordingly, Defendant is **ORDERED** to produce all of its organizational

17   charts and the charts of its parent and subsidiary companies for the time period from when

18   Defendant acquired Plaintiff's debt to the end of the class period.

19         RFP No. 9 seeks "[a]ll insurance policies that could possibly afford coverage with respect

20   to the matters complained of in this case together with all correspondence accepting or declining

21   coverage or reserving rights with respect thereto." MTC, Exh. 7 at 6-7.  Defendant responded:

22         Asset objects to this request as overbroad and overly burdensome. Asset further
           objects to this request in that it is vague as to "possibly." Asset further objects to

23   ─────────────────────────

24         [9]See Hartsock v. Goodyear Tire & Rubber Co., 2014 WL 51237, * 3-4 (D.S.C. Jan. 7, 2014)(finding no error
     with the magistrate's judge's Order compelling production of six organizational charts and finding the charts to be
     necessary for discovering potential witnesses where defendant failed to show that the request was over broad and

25   unduly burdensome)(citing Stambler v. Amazon. com, Inc., 2011 WL 10538668, at *8 (E.D. Tex. May 23, 2011)
     (finding relevant, and compelling production of, organizational charts for multiple departments)) and Cunningham

26   v. Standard Fire Ins. Co., 2008 WL 2902621, at *2 (D. Colo. July 24, 2008) (permitting discovery of organizational
     charts beyond just the claims department at issue)); see also Impact, LLC v. United Rentals, Inc., 2009 WL 413713,

27   *9 (E.D. Ark. Feb. 18, 2009) (granting request for production of current non-privileged organizational charts);
     Clearone Commc'n, Inc. v. Chiang, 2007 WL 4166137, *4 (D. Utah. Nov. 20, 2007)(granting request for production

28   of documents sufficient to show the organizational structure of defendant).

the extent this request violates attorney client privilege and the work product
doctrine and requests confidential and proprietary information. Subject to and
without waiving the foregoing objections, Asset refers Plaintiff to Asset's Initial
Disclosures. Asset will also produce a copy of the declarations page for the subject
insurance policy.

Id.

Defendant maintains that Plaintiff is not entitled to its entire insurance policy and again

states that it will provide Plaintiff with the Declaration Policy.  Oppo. at 12.  Plaintiff objects,

arguing that Defendant is required to produce basic insurance information under Fed. R. Civ. P.

26 and that Defendant still has not provided Plaintiff with even the declaration page.  Reply at 11.

Fed. R. Civ. P. 26(a)(1)(A)(iv) states that:

Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by
the court, a party must, without awaiting a discovery request, provide to the other
parties: for inspection and copying as under Rule 34, any insurance agreement
under which an insurance business may be liable to satisfy all or part of a possible
judgment in the action or to indemnify or reimburse for payments made to satisfy
the judgment.

Accordingly, Plaintiff's motion to compel further response to RFP No. 9 is **GRANTED**.  Defendant

is **ORDERED** to produce to Plaintiff a complete copy of all insurance policies (not just the

Declaration Page).

In RFP No. 14, Plaintiff seeks "[a]ll documents that Defendant reviewed or relied upon in

answering the Interrogatories or Request to Admit Plaintiff directed to Defendant."  MTC, Exh.

7 at 8.  Defendant objected to the request but stated that it would "produce non-privileged,

responsive documents."  Id.  In its opposition, Defendant states that its May 14, 2014,

supplemental document production included all of the non-privileged responsive documents.

Oppo. at 12.  Defendant further states "[t]o the extent that Asset has relied on additional

documents, these documents are protected by the attorney-client privilege and the work product

doctrine."  Id. Plaintiff accepts these representations from Defendant but requests that Defendant

produce a privilege log identifying the responsive privileged documents.  Reply at 11.  Plaintiff's

request is **GRANTED**.  Defendant is **ORDERED** to produce an appropriate privilege log describing

the nature of the material withheld.  Fed. R. Civ. P. 26(b)(5).

///

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's motion to compel further response to RFP No. 15 is **GRANTED**.

2. Plaintiff's motion to compel further responses to RFA Nos. 1-8, and 13-16 is **GRANTED**.

3. Plaintiff's motion to compel further response to Interrogatories 2 and 4 is **GRANTED**.

4. Plaintiff's request to compel further response to Interrogatories 5 and 6 is **DENIED AS MOOT**.

5. Plaintiff's motion to compel further response to Interrogatory No. 7 is **GRANTED**.

6. Plaintiff's request to compel further response to Interrogatory 8 is **DENIED AS MOOT**.

7. Plaintiff's motion to compel further response to RFP Nos. 1, 3, and 5 is **GRANTED**

8. Plaintiff's motion to compel further response to RFP No. 4 is **GRANTED**.

9. Plaintiff's motion to compel further response to Interrogatory No. 3 is **DENIED**.

10. Plaintiff's motion to compel further response to Interrogatory No. 13 is **DENIED**.

11. Plaintiff's motion to compel further response to RFP Nos. 6,7 and 10 is **GRANTED**.

12. Plaintiff's motion to compel further response to Interrogatory No. 9 is **DENIED**.

13. Plaintiff's motion to compel further response to RFP No. 8 is **GRANTED IN PART**.

14. Plaintiff's motion to compel further response to RFP No. 9 is **GRANTED**.

15. Plaintiff's request for a privilege log for privileged documents responsive to RFP No. 14 is **GRANTED**.

////

///

///

///

13cv1718-BEN (BLM)

1    All required productions, supplemental responses, and privilege logs must be produced to

2    Plaintiff by **July 18, 2014**.

3    **IT IS SO ORDERED.**

4

5    DATED:  July 3, 2014

6

7    BARBARA L. MAJOR
     United States Magistrate Judge

8

13cv1718-BEN (BLM)